Michael L. Rodenbaugh
California Bar No. 179059
Marie Richmond
California Bar No. 292962
RODENBAUGH LAW
548 Market Street - Box 55819
San Francisco, CA 94104
(415) 738-8087

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Worldwide Media Inc. and Michael Berkens, | Case No. 17-7335 |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Twitter Inc. and Does 1-10, | <u>**DEMAND FOR JURY TRIAL**</u> |
| Defendants. | |

As its Complaint in this action, Plaintiffs Worldwide Media Inc. and Michael Berkens, by their undersigned attorneys, make the following allegations:

### <u>THE PARTIES</u>

1.      Worldwide Media Inc. is a Florida corporation.

2.      Michael Berkens is a Florida resident and a principal shareholder in Worldwide Media Inc.

3.      Twitter Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

4.      Doe Defendants 1-10 are unknown individuals and/or entities who have conspired to hack into Plaintiff's Twitter account and take control of it.

COMPLAINT

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332 and 1338.  The Court also has jurisdiction over the subject matter of this action pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Additionally, the Court has jurisdiction over the subject matter of this action because the parties are diverse and the amount in controversy exceeds $75,000.  Additionally, the Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Twitter because its principal place of business is in this District.

7.      This Court has personal jurisdiction over Doe Defendants because a substantial part of their activities giving rise to Plaintiffs' claims occurred and/or was targeted at this District.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Twitter resides in this District and is subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here and a substantial part property that is the subject of the action (namely, the Account) is situated here.

**FACTS**

9.      Plaintiffs bring this action to recover their Twitter account, @TheDomains (the "Account"), as well as to secure other injunctive relief and an award of damages.

10.     The Account is valuable to Plaintiffs and to Twitter.  The Account was created by Plaintiffs in November 2008, as an integral adjunct to Plaintiffs' "TheDomains" blog about the domain name industry (the "Blog").  The Blog is accessible at

COMPLAINT

<thedomains.com> domain name (the "Domain Name").  The Blog has had more than 10,000 posts and more than 100,000 validated comments, and is one of the most well-known and successful blogs about the domain name industry.  The Blog generates substantial advertising revenues for Plaintiffs, and substantial traffic and associated revenues to Twitter.

11.    The Account has more than 28,000 followers, nearly 29,000 likes, and has distributed more than 56,000 tweets.  The Account has been promoted consistently on the Blog, and has been used consistently by Plaintiffs to distribute the Blog and other content throughout the global domain name industry.  The Account also has been used consistently by Plaintiffs to communicate privately with third parties through "direct messages", communications that routinely include confidential and/or proprietary information of Plaintiffs and/or third parties doing business or seeking to do business with Plaintiffs.

12.    Plaintiffs have paid Twitter substantial amounts of money to use and promote the Account, and otherwise have devoted extensive resources and time to using and promoting the Account.  Twitter has benefited from these expenditures by Plaintiffs, resulting in more users, tweets and other content, and advertising fees to Twitter.

13.    Through Plaintiffs' exclusive and substantial promotion and use of the Blog, the Domain Name, and the Account since 2008, the Plaintiffs' THEDOMAINS trademark (the "Mark") has become well-known in the domain name industry throughout the world, and is valuable property of Plaintiffs that is protected by federal and state common law.

14.    Plaintiffs exclusively own the Blog, the Domain Name, the Mark and the corresponding Account.

15.    On or about December 22, 2017, the Account effectively was stolen from Plaintiffs by Doe Defendants, aided and abetted by Twitter.  Plaintiffs are not aware as to how the Account was taken over by Doe Defendants.

16.    Despite many instances of actual notice from Plaintiffs and many of Plaintiffs' readers, on information and belief, Twitter still has done nothing to substantially

COMPLAINT

1  acknowledge, investigate or respond to Plaintiffs' complaint, and restore Plaintiffs' access to

2  the Account.

3          17.     Twitter accounts are valuable business assets, promoted by payments to

4  Twitter, including valuable personal and financial (i.e. credit card) information, and used by

5  Twitter users to communicate confidential and/or proprietary information.

6          18.     Twitter knows – or would be reckless in not knowing – that: its users include

7  businesses like Plaintiffs' Blog; Twitter is an essential conduit of internet traffic, content and

8  communications, intended for its users; and Plaintiffs and other businesses thus rely upon

9  Twitter for continuity of their business operations.

10         19.     Despite this knowledge, Twitter accounts can be "hacked" or stolen relatively

11  easily, because Twitter's security features and practices are below industry standards and are

12  inadequate to sufficiently protect accounts.  There are thousands of blog articles, YouTube

13  videos and other posts on the open web, decrying how easy it is to hack into Twitter

14  accounts because Twitter only requires an email address and/or phone number in order to

15  reset a Twitter password.

16         20.     Twitter has only belatedly developed any "two-factor authentication" security

17  protocols, but Twitter's implementation of those protocols has been widely considered less

18  than industry standard, and Twitter has done little or nothing to promote the availability of

19  such additional security features to its longstanding users.

20         21.     Since the Account was stolen, Twitter has had immediate and ample notice

21  from Plaintiffs and from many of Plaintiffs' readers, specifically informing Twitter that the

22  Account had been hacked and taken over, and requesting Twitter's reasonable investigation

23  and return of account access control to Plaintiffs.  These notification efforts included

24  repeated attempts to "submit a report" through Twitter's help pages, numerous tweets and

25  retweets to Twitter's customer service, security and executive teams, and even outreach

26  through Twitter's investor relations website.

COMPLAINT

22.     Twitter's customer service and security personnel are insufficiently staffed and/or trained to investigate such allegations within a reasonable amount of time, and provide a substantive response and effective remedy to Twitter users.  Thus, since December 22, 2017, Plaintiffs' have not received any substantive response from Twitter, nor have Plaintiffs been able to access the Account.

23.     On information and belief, it would be very easy for Twitter to promptly and reasonably investigate the complaints from Plaintiffs and their readers, thus determining definitively that the Account had been hacked, and thus promptly returning the Account control to Plaintiffs.  However, it appears that Twitter has wholly failed to investigate the matter.

24.     On information and belief, Twitter is much more proactive in monitoring and/or responding to claims involving alleged hacks of "higher profile" accounts such as @McDonaldsCorp and @AndersonCooper.  McDonalds even reported that Twitter had proactively notified McDonalds of a potential hack of their account; and CNN reported that it was "working with Twitter to secure" journalist Anderson Cooper's account the same day it was reported to be hacked.  Yet Plaintiffs' complaints, and those of its readers, apparently have been completely ignored by Twitter.

25.     Since the Account was stolen and Twitter was immediately notified of the situation, Twitter has accessed the Account and authorized a further charge to Plaintiffs' credit card, for advertising fees owed to Twitter.

26.     Since the Account was stolen and Twitter was immediately notified of the situation, Doe Defendants have been able to use the Account to impersonate (and, indeed, to taunt and to attempt to extort ransom from) Plaintiffs via direct messaging and tweeting to Plaintiffs' followers and the world at large, aided and abetted by Twitter.

27.     Since the Account was stolen and Twitter was immediately notified of the situation, Twitter and Doe Defendants have deprived Plaintiffs of their use of the Account, a

valuable business asset of Plaintiffs which corresponds to Plaintiff's valuable Blog and Mark.

28.     Plaintiffs commercial reputation and the value of their business have been damaged by the aforesaid facts, in an amount to be proved, exceeding $75,000.  Plaintiffs further seek a declaration of their exclusive rights to ownership of the Account, an injunction which immediately returns the Account to Plaintiffs' exclusive control, an injunction requiring Twitter to effectively promote its two-factor authentication security protocols to all Twitter users, and further relief as set forth below.

## CLAIMS FOR RELIEF

### I.     DECLARATORY JUDGMENT -- 28 U.S.C. § 2201

29.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

30.     Since 2008, Plaintiffs have created, promoted, used and owned the Blog, Domain Name, Mark and corresponding Account as alleged above.

31.     Since 2008, Plaintiffs had maintained uninterrupted control over the Account until stolen by Doe Defendants, whose actions were without Plaintiffs' knowledge or authorization.

32.     Plaintiffs are entitled to a declaration from this Court: 1) that Plaintiffs' Blog, Domain Name, Mark and corresponding Account are valid, subsisting and owned exclusively by Plaintiffs, and 2) that Plaintiffs have suffered and will continue to suffer irreparable harm for which the Plaintiffs' have no adequate remedy at law, and which will continue unless enjoined.

### II.     TRADEMARK INFRINGEMENT -- 15 U.S.C. § 1125(a)

33.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

COMPLAINT

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

6

34.     The public has come to expect that a company's corporate or blog name will be used in a corresponding Twitter account name, and that such name will be used to transact business and conduct communications.   A Twitter account incorporating a corporate name or trademark is therefore a valuable corporate asset that allows potential customers and other Internet users to obtain information about that owner and to communicate with that owner.  For this same reason, a Twitter account misappropriating the corporate name or trademark of another entity creates the likelihood of damaging consumer confusion because an Internet user may reasonably assume that the account is sponsored by, affiliated with, or approved by the owner of the corporate name or trademark.  Such account names can also tarnish the mark and the mark owner's commercial reputation if used with unsavory content or inferior services.

35.     The Account name is identical to Plaintiff's Mark and constitutes one of the primary commercial uses of the Mark.

36.     Through use in interstate commerce, internet users have come to associate the Blog, Domain Name, Mark and Account with Plaintiffs.  Plaintiffs therefore have obtained strong common law rights in their Mark.

37.     Doe Defendants have used the identically named Account to infringe Plaintiffs' Mark by impersonating Plaintiffs, and by using Twitter to disseminate tweets and direct messages to Plaintiffs' followers and the world at large.  This use of Plaintiffs' Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Doe Defendants with Plaintiffs and Plaintiffs' commercial activities.

38.     Doe Defendants have acted with a bad faith intent to profit from Plaintiffs' trademarks and the good will associated therewith.

39.     Twitter has aided and abetted, and otherwise materially contributed to, the aforesaid trademark infringement by failing to implement reasonable account security

COMPLAINT

protocols, failing to reasonably investigate and acknowledge the theft of the Account, and promptly restore control of the Account to Plaintiffs.  Twitter has continued to profit from the infringement, despite clear notice thereof, by continuing to allow Doe Defendants to use the Account and by continuing to charge Plaintiffs' credit card for expenses related to the Account.

40.     Twitter has knowingly continued to supply unfettered Account control to Doe Defendants even long after Plaintiffs and others informed Twitter of the infringement.

41.     Twitter knew or should have known that the Account was hacked, and that hacked accounts are generally used for illicit purposes.  In the alternative, Twitter was willfully blind to, and therefore acted with constructive knowledge of, the Doe Defendants' illicit purposes for the hijacking of Plaintiffs' Account.  Thus, Twitter has rendered itself liable for the trademark infringement occurring as a proximate result of Twitter's actions and omissions.

42.     By placing and maintaining the Doe Defendants in a position of exclusive control over Plaintiffs' Account, in violation of industry standard security practices and perhaps even Twitter's own security policies, and by refusing to return such control to Plaintiffs' when requested to do so, Twitter directly controlled, monitored and assisted the Doe Defendants' method of infringement.

43.     Defendants' conduct warrants the award of treble damages to Plaintiffs, as well as an award of Plaintiffs' reasonable attorneys' fees and costs in this action.

44.     The Plaintiffs' injury is substantial and continuing, and can be alleviated by the court-ordered, immediate return of the Account to Plaintiffs' rightful ownership and possession.

45.     Plaintiffs have suffered and will continue to suffer irreparable harm for which the Plaintiffs' have no adequate remedy at law, and which will continue unless enjoined by this Court.

COMPLAINT

### III.    COMPUTER FRAUD & ABUSE – 18 U.S.C. § 1030

46.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

47.    Doe Defendants knowingly and intentionally stole control of the Account from Plaintiffs, by accessing a protected computer without authorization, thereby obtaining information from the protected computer in a transaction involving interstate or foreign communications in violation of 18 U.S.C. § 1030(a)(2)(c).

48.    Doe Defendants knowingly, and with intent to defraud, accessed systems on protected computers without authorization and obtained information from that computer which was used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

49.    Doe Defendants intentionally accessed protected computer systems without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(c).

50.    Twitter has aided and abetted, and otherwise materially contributed to, the aforesaid activities by failing to have adequate account security mechanisms in place, failing to detect an obvious hack of Plaintiffs' account, failing to reasonably respond to Plaintiffs' and others' complaints about the hack, continuing to charge Plaintiffs' credit card despite notice of the hack, and failing to promptly investigate and restore Account control to Plaintiffs.

51.    Plaintiffs have suffered damages as a result of the aforesaid conduct, and such conduct has caused a loss to Plaintiff of at least $5,000.

52.    Plaintiffs have suffered and will continue to suffer irreparable harm for which the Plaintiffs' have no adequate remedy at law, and which will continue unless enjoined.

//

//

COMPLAINT

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

9

## IV.   BREACH OF CONTRACT

53.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

54.    Twitter's Terms of Service acknowledges that users' content stored and disseminated by Twitter is owned by the users.  Twitter licenses rights to such content from its users, only for specific purposes generally for the benefit of Twitter users.  Twitter also maintains the right to place advertising in connection with user content, and to keep all revenues from such advertising sales.

55.    Twitter's Terms of Service state that, with respect to account security, users are responsible to "use a strong password and limit its use to this account."  Plaintiffs complied with this obligation and with all other user obligations in the Terms of Service. Twitter otherwise had an implied obligation to maintain adequate security protocols, detect blatant account hacks, and promptly and reasonably investigate and respond to security complaints about hacked accounts.

56.    Twitter has breached the Terms of Service and its implied obligations by recklessly and grossly negligently failing to allow Plaintiffs continued access and control of their owned content, by allowing an unauthorized third party to access and control such content and the entire Account, by continuing to monetize such content for Twitter's own benefit even after the Account was hacked, and by failing to promptly and reasonably investigate and respond to the many complaints from Plaintiffs and Plaintiffs' readers about the hacked Account.

57.    Plaintiffs are entitled under California law to recover from Twitter all actual damages incurred by Plaintiffs as a result of Twitter's grossly negligent and reckless breach.

## V.   NEGLIGENCE & RECKLESSNESS

58.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

COMPLAINT

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

59.     Twitter has a duty to maintain the confidentiality and security of Plaintiffs' confidential and proprietary content and communications within the Account, to provide continuous service to Plaintiffs who have invested heavily to promote and use the Account, and to adopt and follow reasonable security measures to ensure the reliability and integrity of Twitter's services and protect its clients, including Plaintiffs, from vandalism and loss.

60.     In breach of these duties, Twitter was negligent, grossly negligent and/or reckless in providing an unauthorized third party with access to Plaintiffs' Account, failing to implement adequate security measures and perhaps even Twitter's own meager security measures, and failing to promptly and reasonable investigate and remedy the theft of Plaintiffs' Account.

61.     Twitter's actions have caused a major interruption of Plaintiffs' business operation, resulting in significant lost revenue and out-of-pocket expenses and damage to Plaintiffs' commercial reputation and the value of its business.

## VI.     TORTIOUS INTERFERENCE WITH CONTRACT

62.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

63.     Plaintiffs properly entered into the aforementioned Terms of Service with Twitter before the Account was stolen.

64.     Doe Defendants have unlawfully taken control of the Account, interfering with Plaintiffs' lawful contract rights to the Account, and with Plaintiffs' lawful commercial activities conducted within the Account.

65.     Plaintiffs have been damaged and continue to be damaged because they cannot access the Account, and the Account continues to be accessible to and used by Doe Defendants.  This has caused a major interruption of Plaintiffs' business operation, resulting in significant lost revenue and out-of-pocket expenses and damage to Plaintiffs' commercial reputation and the value of its business.

COMPLAINT

## VII.   BREACH OF DUTY OF BAILMENT

66.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

67.     Plaintiffs entrustment to Twitter of its Account and all content within the Account constituted a bailment for the mutual benefit of the parties.

68.     As custodian and bailee of Plaintiffs' property, Twitter had a duty to use ordinary care to safeguard the property.

69.     Twitter breached that duty when it recklessly and with gross negligence allowed Doe Defendants to use and exercise control over Plaintiffs' property.

70.     Twitter must account for loss of, or damage to, Plaintiffs' property because Twitter has breached its duty by providing an unauthorized party the use of the property.

71.     Twitter's breach of its duty as a bailee has caused a major interruption of Plaintiffs' business operation, resulting in significant lost revenue and out-of-pocket expenses and damage to Plaintiffs' commercial reputation and the value of its business.

## VIII.   CONVERSION

72.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

73.     Plaintiffs have property rights in the Account, including without limitation to content maintained within the Account.

74.     Doe Defendants have taken control of the Account and are wrongfully exercising authority over the Account, including without limitation to proprietary and/or confidential content maintained within the Account.  This also deprives Plaintiffs of control and of income and business generated from the Account.

75.     Doe Defendants' and Twitter's negligent, grossly negligent and/or reckless conduct has constituted a conversion of Plaintiffs' property, which has proximately caused a major interruption of Plaintiffs' business operations, resulting in significant lost revenue and

COMPLAINT

1  out-of-pocket expenses and damage to Plaintiffs' commercial reputation and the value of its

2  business.

3  **IX.   UNFAIR COMPETITION**

4   76.   Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth

5  herein.

6   77.   Twitter and Doe Defendants' wrongful acts, as described in this Complaint,

7  are unlawful, unfair and fraudulent, and cause damage to Plaintiffs and injure their business,

8  in violation of section 17200 *et seq.* of the California Business and Professions Code.

9   78.   As a result of Defendants' past and continued wrongful acts, Plaintiffs have

10  incurred damages in an amount to be proved at trial, including compensation for Plaintiffs'

11  time, effort and attorneys' fees and costs.

12  **DEMAND FOR JURY TRIAL**

13   Plaintiffs respectfully request trial by jury as to all issues so triable.

14  **PRAYER FOR RELIEF**

15   WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as

16  follows:

17   A.   That judgment be entered in favor of Plaintiffs on all claims;

18   B.   That the Court issue a declaratory judgment that Plaintiffs own exclusive

19  rights to the Blog, Domain Name, Mark and Account;

20   C.   That the Court award damages, trebled, in an amount to be determined at

21  trial;

22   D.   That the Court issue an injunction ordering Twitter to immediately return full

23  control of the Account to Plaintiffs;

24   E.   That the Court issue an injunction ordering Twitter to promptly and

25  reasonably warn all Twitter users about Twitter's lax, default account security protocols, and

26

COMPLAINT

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

fully inform all Twitter users of the availability of newer and more effective security protocols such as two-factor authentication;

      F.     That the Court award Plaintiffs their attorneys' fees and costs;

      G.     That the Court award interest to Plaintiffs; and,

      H.     That the Court provide any other relief as this Court may deem appropriate.

RESPECTFULLY SUBMITTED,

DATED:  December 27, 2017

By: /s/ *Mike Rodenbaugh*

Mike Rodenbaugh, Esq.
RODENBAUGH LAW
584 Market Street
Box 55819
San Francisco, CA  94014
Tel/fax:  (415) 738-8087

Attorneys for Plaintiffs

COMPLAINT